**Order filed December 12, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-13-00779-CV
_____

### JEFF OLLEY, Appellant

### V.

### HVM, L.L.C., IN ITS CAPACITY AS MANAGER OF THE HOTEL COMMONLY KNOWN AS THE EXTENDED STAY AMERICA - HOUSTON - KATY FREEWAY/ENERGY CORRIDOR, Appellees

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1033532**

## ORDER

On October 22, 2013, appellant, who is appearing *pro se,* filed a timely motion in this court challenging the trial court's ruling sustaining a contest to his affidavit of indigence. *See* Tex. R. App. P. 20.1(j)(1), (2). When a motion to review the trial court's ruling on indigence is filed, the trial court clerk and the court reporter must prepare, certify, and file the record of the hearing on the

contest to the claim of indigence within three days after the motion is filed. *See* Tex. R. App. P. 20.1(j)(3). On September 19, 2013, the trial court clerk timely filed a partial clerk's record containing the judgment, notice of appeal, county clerk's contest of the affidavit of indigence and the order sustaining the contest to appellant's affidavit of indigence. The partial clerk's record reflects that a hearing was held on the county clerk's contest. No record of the hearing was filed.

Under the unambiguous language of Rule 20.1(j), if the appellate court does not deny a motion under Rule 20.1(j) within 10 days after the motion is filed, this motion is granted by operation of law. Tex. R. App. P. 20.1(j)(4). Even if the trial court clerk and the court reporter prepare, certify, and file the hearing record within three days after the motion is filed, the appellate court has less than a week to review the record and rule on the merits of the motion. If the trial court clerk and the court reporter file the hearing record after this deadline but within 10 days after the filing of the motion, this court has a very short time to rule on the merits. If the court reporter does not file the hearing record within 10 days after the filing of the motion, as in this case, this court has no ability to review the merits of the motion, and the motion is granted by operation of law regardless of whether the motion has merit. Tex. R. App. P. 20.1(j)(4).

More than 10 days have passed since the motion was filed and appellant's motion **was granted** by operation of law. Accordingly, appellant may proceed on appeal without the advance payment of costs. On November 13, 2013, the court reporter filed the reporter's record in this appeal.

Therefore, we order the Harris County County Clerk to prepare, certify, and file the appellate record without the advance payment of costs. *See* Tex. R. App. P. 20.1(k). The record will be due in this court **30 days from the date of this order.**

PER CURIAM